**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Matthew A. Smith, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| HSS, ) | |
| ) | Case No. 1:20-cv-021 |
| Defendant. ) | |

Plaintiff initiated the above-captioned action *pro se* on February 11, 2020. Judge Traynor has referred this matter to the magistrate judge for preliminary consideration pursuant to 28 U.S.C. § 1915(e)(2). I recommend the above-entitled action be dismissed without prejudice.

## I.  BACKGROUND

Plaintiff is a resident of Colorado. He is proceeding *pro se* and *in forma pauperis*. In his complaint he asserts claims for negligence and discrimination. Attached to his complaint is an affidavit in which he states:

> I began my employment with HHS in September 2019. I have a disability and I am capable of doing most of my job duties without Accommodation; certainly with Accommodation. I made multiple requests for Accommodation during December 2019 with medical correspondence and documentation. HSS ignored/denied my requests for reasonable Accommodation. Instead I was placed on medical leave December 27, 2019.
>
> After initial leave I was re-assigned to DGS (Denver Government Services) in downtown Denver where the Black populace with HSS seems to be a lot greater. Also, my symptoms/side effects and Accommodation requests seemed to be ignored as I was placed in a security segment of the highest threat and alert levels considering domestic and international affairs both current and ongoing.
>
> I believe I have been discriminated against because of my race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended, and based on my disability within the meaning of the Americans with Disabilities Act of 1990, as amended.

1

>Employment Law Questions:
>
>ADA Disabilities
>
>Schitzophrenia, Anxiety Major, Depression Minor
>
>Breach of Special Duty/Duty or Care, Negligence (Supervision), ADA Act Discrimination, Intentional Infliction of Emotional Distress, and Emotional Distress.

(Doc. No. 3) (errors in original).

## II. APPLICABLE LAW

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may deny an application if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989) ("Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.").

Additionally, federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. See Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993) (opining that the lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party to an action, or by the court *sua sponte*); Thomas v. Barham, 931 F.2d 521, 523 (8th Cir. 1991) (stating that federal courts are obligated to consider their jurisdiction shall raise jurisdictional issues *sua sponte* when there is an indication that jurisdiction is lacking, even if the parties concede the issue).

Finally, when an indigent plaintiff does not include any allegations supporting personal jurisdiction, the court may properly conclude, *sua sponte*, that the action should be summarily dismissed.  See Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985); see also Trujillo v. Williams, 465 F.3d 1210, 1216-17 (10th Cir. 2006) ("In the context of affirmative defenses, we have cautioned that *sua sponte* dismissal on such grounds should be reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense. The same caution applies to *sua sponte* dismissals for lack of personal jurisdiction and improper venue. Accordingly, under § 1915, the district court may consider personal jurisdiction and venue sua sponte only when the defense is obvious from the face of the complaint and no further factual record is required to be developed. And the district court may dismiss under § 1915 only if it is clear that [the plaintiff] can allege no set of facts.") (internal citations and quotation marks omitted)).

## II.     DISCUSSION

### A.     Subject Matter Jurisdiction

In his complaint plaintiff asserts diversity of citizenship as opposed to the existence of a federal question as the basis for this court's exercise of subject matter jurisdiction.  Diversity of citizenship is clearly lacking given plaintiff's statements in his complaint and supporting affidavit that both he and defendant are Coloradans. The same cannot necessarily be said regarding the existence of a federal question, however.

 Plaintiff  references both Title VII of the Civil Rights Act of 1964 in his supporting affidavit.  Treating the affidavit as an addendum or supplement to the complaint, plaintiff has arguably articulated a federal statutory basis for his claim of discrimination. This does not end the court's jurisdictional analysis, however.  The court must still consider whether it can exercise

3

personal jurisdiction over the parties.

### B.     Personal Jurisdiction

Courts employ a two-step analysis when determining the propriety of their exercise of personal jurisdiction. Northrop King v. Compania Productora Semillas, 51 F.3d 1383, 1387 (8th Cir. 1995). First, they consider whether personal jurisdiction can properly be exercised under the state law of the forum state; more specifically, whether jurisdiction exists under the state's "long-arm statute." Id. "Second, the court's exercise of jurisdiction must be consistent with the due process clause of the Fourteenth Amendment." Id. North Dakota courts have concluded that if a non-resident's contacts with State satisfy due process, the North Dakota long-arm statute also is satisfied. Consequently, the issue boils to down to whether this court can exercise personal jurisdiction over the named defendants without violating the protections afforded by the due process clause.

"Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice." Id. (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The plaintiff must demonstrate that the non-resident defendant has had sufficient contacts with the forum state such that the defendant "should reasonably anticipate being haled into court there." Northrup King, 51 F.3d at 1387 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 297 (1980)).

When an indigent plaintiff does not include any allegations supporting personal jurisdiction, the court may summarily dismiss the action *sua sponte*. See Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985); see also Trujillo v. Williams, 465 F.3d 1210, 1216-17 (10th Cir. 2006) ("In the context of affirmative defenses, we have cautioned that *sua sponte* dismissal on such grounds should be reserved for those extraordinary instances when the claim's factual backdrop clearly

4

beckons the defense. The same caution applies to *sua sponte* dismissals for lack of personal jurisdiction and improper venue. Accordingly, under § 1915, the district court may consider personal jurisdiction and venue sua sponte only when the defense is obvious from the face of the complaint and no further factual record is required to be developed. And the district court may dismiss under § 1915 only if it is clear that [the plaintiff] can allege no set of facts.") (internal citations and quotation marks omitted)). In the alternative, the court may find that the action should be transferred to a district where personal jurisdiction might exist, pursuant to 28 U.S.C. § 1631.

Section 1631 provides that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." A transfer under § 1631, rather than dismissal, is appropriate "when a plaintiff in good faith filed in the wrong court and the statute of limitations would have run before he could refile properly." Gunn v. United States Dep't of Agriculture, 118 F.3d 1233, 1240 (8th Cir.1997), cert. denied, 522 U.S. 1111 (1998); In re Apex Oil Co., 884 F.2d 343, 346 (8th Cir. 1989); Hempstead County and Nevada County Project v. United States E.P.A., 700 F.2d 459, 463 (8th Cir.1983). Thus, in order to determine whether the "interests of justice" require that a case be transferred, rather than dismissed, a court must consider whether dismissal of the action will affect the plaintiff's vulnerability to a statute of limitations defense. If the plaintiff can still refile his action in a proper court before the statute of limitations expires, then a transfer pursuant to § 1631 is unnecessary, and the case can simply be dismissed. Gunn, 118 F.3d at 1240 (transfer pursuant to § 1631 not required where plaintiff could still bring a timely action in a proper court); cf. Gray v. Lewis & Clark Expeditions, Inc., 12 F. Supp. 2d 993, 999 (D. Neb. 1998) (case transferred to court that had

personal jurisdiction where it appeared that the statute of limitations expired shortly after the case was filed in the transferor court).

Here, there is nothing on the face of plaintiff's complaint or in the supporting affidavit to even remotely suggested that the conduct at issue occurred in North Dakota or otherwise involved anyone with any meaningful contact with North Dakota. Rather, the conduct at issue occurred in Colorado and involved Coloradans. Consequently, this court has no basis for exercising personal jurisdiction over this matter.

The conduct giving rise to plaintiff's claims allegedly occurred in December 2019. Thus, it does not appear that there are any claims that were timely when this action was commenced which will be rendered untimely if plaintiff is compelled to re-file his lawsuit in another district. Consequently, the court should dismiss this action rather than transfer it to another district pursuant to § 1631.

## III.   CONCLUSION

I recommend that the above-captioned action is **DISMISSED** without prejudice for lack of personal jurisdiction.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Plaintiff shall have until March 18, 2020, to file an objection to this recommendation. D.N.D. Civil L.R. 72.1(D)(3). Failure to file appropriate objections may result in recommended action without further notice or opportunity to respond.

Dated this 27th day of February, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court